IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION



Board of Trustees, )
National Pension Fund, *et al.*, )
)
        Plaintiffs, )   Case No. 1:10cv985 (GBL)
)
        v. )
)
Mainline Mechanical )
Sheetmetal )
Manufacturing, Inc., )
)
        Defendant. )

## MEMORANDUM ORDER

THIS MATTER is before the Court on the March 21, 2011 Report and Recommendation of Magistrate Judge Ivan D. Davis regarding Plaintiffs the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMIC"), and the Sheet Metal Occupational Health Institute Trust's ("SMOHIT") (collectively, "Plaintiffs") Motion for Entry of Default Judgment against Defendant Mainline Mechanical Sheetmetal Manufacturing, Inc., d/b/a Mainline Mechanical Sheet Metal Manufacturing, Inc. d/b/a Mainline Sheet Metal, Inc., d/b/a Mainline Mechanical Contractors, Inc. (hereinafter, "Defendant" or "Mainline"). (Dkt. No. 7.) This case concerns Plaintiffs' requests for relief under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA").

Plaintiffs are the trustees of multiemployer employee benefit plans under ERISA, 29 U.S.C. §§ 1002(3), 1002(37) (2006). Plaintiffs administer the plans from offices located in

1

Alexandria, Virginia. (Compl. ¶¶ 4-11; Pls.' Mem. Supp. Default J. at 2.) Mainline is a Pennsylvania corporation and an employer within the purview of 29 U.S.C. §§ 152(2), (6) and (7), 1002(5), (11) and (12). (Compl. ¶ 12.)

Mainline entered into a collective bargaining agreement ("Labor Contract") with the Local Union. (Compl. ¶ 14.) In addition to the Labor Contract, Defendant also signed or agreed to abide by the terms of the declarations of trust ("Trust Agreements") (hereinafter, Labor Contract and Trust Agreements are referred to as "Agreements"). (Compl. ¶ 15.) The Agreements require Defendant to make monthly payments to Plaintiffs. (Compl. ¶16.) These payments are calculated based on the number of hours worked by or paid to Defendant's covered employees. (Compl. ¶ 17.)

Defendant failed to submit monthly contributions and remittance reports to Plaintiffs from April 2009 through May 2009. (Compl. ¶¶ 23, 27; Shaw Decl. ¶ 6.) Consequently, under the Agreements and 29 U.S.C. § 1132(g)(2) (2006), Plaintiffs are entitled to recover: (1) the full amount of unpaid contributions; (2) eight and one-half percent (8.5%) interest on contributions which were paid late or remain unpaid; (3) liquidated damages in an amount equal to the greater of interest on all unpaid contributions, or twenty percent (20%) of the contributions that were unpaid on the date the lawsuit was filed or which became delinquent subsequent to the filing of the lawsuit; (4) contractual late charges equal to ten percent (10%) of the amount of contributions paid before filing the Complaint or fifty ($50.00) for each month of contributions paid after the due date, but before the lawsuit was filed; and (5) the reasonable attorneys' fees and costs of this action. (Compl. ¶ 19; Pls.' Mem. Supp. Default J. at 2, 3.)

Plaintiffs filed the Complaint on August 31, 2010. Process was served on Defendant through its Counsel, Gene Placidi, on October 13, 2010. (Dkt. No. 12). Defendant failed to appear, answer, or file any other responsive pleadings in this matter.

On November 15, 2010, Plaintiffs filed a Request for Entry of Default with the Clerk's Office. (Dkt. No. 5.) The Clerk entered default as to Defendant on November 15, 2010. (Dkt. No. 6.) On November 22, 2010, Plaintiffs filed a Motion for Default Judgment, and the hearing was conducted on December 3, 2010. (Dkt. Nos. 7, 10.) Defendant failed to appear at the scheduled hearing, after which time the magistrate judge took the case under advisement, following supplemental briefing regarding service of process.

Defendant has not responded to the Complaint, and Federal Rule of Civil Procedure 55 allows this Court to grant a Motion for Default Judgment where a party fails to plead or defend against a claim. Fed. R. Civ. P. 55.

Magistrate Judge Davis recommends entry of default judgment in favor of Plaintiffs and against Mainline Mechanical Sheetmetal Manufacturing, Inc., d/b/a Mainline Mechanical Sheet Metal Manufacturing, Inc. d/b/a Mainline Sheet Metal, Inc., d/b/a Mainline Mechanical Contractors, Inc. Magistrate Judge Davis found that the submitted pleadings and affidavits established that Plaintiffs are entitled to default judgment and damages in the amount of $8,456.48 in accordance with the following:

| Item | Amount |
| --- | --- |
| Unpaid Contributions | $3,666.22 |
| Interest | $643.26 |
| Liquidated Damages | $733.19 |
| Attorneys' Fees and Costs | $3,413.81 |
| Total | $8,456.48 |

Neither party filed objections within fourteen (14) days after being served with the magistrate judge's recommendation. Therefore, the Court adopts Magistrate Judge Davis' Report and Recommendation *in toto*. Accordingly, it is hereby

ORDERED that JUDGMENT BE ENTERED in favor of Plaintiffs the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMIC"), and the Sheet Metal Occupational Health Institute Trust's ("SMOHIT") against Defendant Mainline Mechanical Sheetmetal Manufacturing, Inc. in the amount of $8,456.48.

The Court will enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 in favor of Plaintiffs the Sheet Metal Workers' National Pension Fund ("NPF"), the International Training Institute for the Sheet Metal and Air Conditioning Industry ("ITI"), the National Energy Management Institute Committee ("NEMIC"), and the Sheet Metal Occupational Health Institute Trust's ("SMOHIT") against Defendant Mainline Mechanical Sheetmetal Manufacturing, Inc. in the amount of $8,456.48.

The Clerk is directed to forward a copy of this Order to counsel of record.

Entered this 11th day of May, 2011.

Alexandria, Virginia

/s/
Gerald Bruce Lee
United States District Judge